**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | DIVISION ONE |
| Respondent, | No. 83835-1-I (consol. with No. 84600-1-I) |
| v. | |
| TROY MICHAEL O'BRIAN, | UNPUBLISHED OPINION |
| Appellant. | |

DWYER, J. — Troy O'Brian appeals from the judgment entered on a jury's verdicts finding him guilty of felony violation of a no-contact order and five misdemeanor violations of a no-contact order. O'Brian contends that the trial court violated the constitutional excessive fines clause by ordering him to pay restitution, interest on restitution, and a victim penalty assessment. We conclude that there was no error on this ground but nevertheless remand for the sentencing court to reconsider the imposition of interest and to waive the penalty assessment in light of recent statutory amendments.

I

Troy O'Brian and Melissa O'Brian were married in the summer of 2019. In May 2020, the two had begun arguing and the relationship became violent.

Melissa[1] reported that on May 7, O'Brian threw her down and choked her. On May 29, Melissa obtained a temporary protection order against O'Brian, and on June 12, the trial court issued a protection order preventing O'Brian from contacting Melissa for five years.

Melissa reported that O'Brian subsequently violated the protection order by contacting her through text messages, e-mails, and phone calls. Then, on September 30, 2020, Melissa reported that O'Brian began following her in their work van while she was driving her sedan. O'Brian weaved in and out of traffic to follow her, and then collided with her car twice, pushing her car into the side of the road and causing it to spin out.

The State charged O'Brian with second degree assault for the choking incident, felony violation of a no-contact order for the automotive collision, and six misdemeanor counts of violation of a no-contact order. Every charge carried a domestic violence designation.

The case proceeded to a jury trial. Before argument began, the State filed a motion in limine to admit five of O'Brian's prior convictions under ER 609 if O'Brian testified: a 2016 unlawful possession of a stolen vehicle conviction, a 2016 auto theft conviction, a 2008 theft conviction, a 2002 receiving stolen property conviction, and a 2002 burglary conviction. O'Brian did not object, and the trial court ruled that evidence of the five convictions would be admissible on cross-examination if O'Brian testified. O'Brian did not testify.

The jury found O'Brian guilty of felony violation of a no-contact order and

---

[1] Because Melissa O'Brian and Troy O'Brian share a last name, we refer to the former by her first name. No disrespect is intended.

five counts of misdemeanor violation of a no-contact order. The jury acquitted O'Brian on the assault charge and the remaining misdemeanor. The trial court imposed a sentence of 55 months of confinement for the felony, concurrent with lesser sentences on the misdemeanors. The court found O'Brian to be indigent and waived court costs, but ordered restitution of $5,341 for the value of Melissa's car, plus interest. It also imposed a $500 victim penalty assessment.

O'Brian appeals.

II

O'Brian asserts that the trial court violated the constitutional excessive fines clause by imposing restitution, interest on restitution, and a $500 victim penalty assessment. Although O'Brian did not object on this basis at sentencing, we choose to reach this issue under RAP 2.5(a) and address the claim of error involving each financial obligation in turn.

Pursuant to RAP 2.5(a)(3), a party may raise a "manifest error affecting a constitutional right" for the first time on appeal. "To meet RAP 2.5(a), an appellant must demonstrate (1) the error is manifest and (2) the error is truly of constitutional magnitude." State v. Ramos, 24 Wn. App. 2d 204, 214, 520 P.3d 65 (2022), review denied, 200 Wn.2d 1033 (2023). Here, O'Brian's excessive fines claims are of constitutional magnitude, and if we were to accept his arguments, the error would be manifest. Therefore, we address this issue. See State v. Ellis, No. 56984-1-II, slip op. at 6-7 (Wash. Ct. App. June 13, 2023), https://www.courts.wa.gov/opinions/pdf/D2%2056984-1-II%20Published%20Opinion.pdf.

The Eighth Amendment to the United States Constitution and article I, section 14 of the Washington Constitution prohibit excessive fines. We "interpret the federal and state excessive fines clauses coextensively." Ramos, 24 Wn. App. 2d at 223. To constitute an excessive fine, "a sanction must be a 'fine' and it must be 'excessive.'" City of Seattle v. Long, 198 Wn.2d 136, 162, 493 P.3d 94 (2021). A sanction is a fine if it is "at least 'partially punitive,'" and it is excessive if it is "grossly disproportional to the gravity of a defendant's offense." Long, 198 Wn.2d at 163, 166 (quoting Timbs v. Indiana, 139 S. Ct. 682, 689, 203 L. Ed. 2d 11 (2019)). To determine whether a fine is grossly disproportional, we consider "(1) the nature and extent of the crime, (2) whether the violation was related to other illegal activities, (3) the other penalties that may be imposed for the violation, (4) the extent of the harm caused, and (5) 'a person's ability to pay the fine.'" Ramos, 24 Wn. App. 2d at 216 (quoting Long, 198 Wn.2d at 173). We review the excessive fines issue de novo. Ramos, 24 Wn. App. 2d at 216.

A

O'Brian first contends that the trial court's restitution order was both punitive and grossly disproportional because of his inability to pay. However, the restitution order for $5,341 reflected only the damage inflicted by O'Brian, as the amount equaled the value of Melissa's car that O'Brian had totaled. Such a restitution order is not excessive. Rather, "a restitution award based on a victim's actual losses is inherently proportional to the crime that caused the losses because the amount is linked to the culpability of the defendant and the extent of harm the defendant caused." Ramos, 24 Wn. App. 2d at 230; see also Ellis, slip

4

op. at 10.[2]  Thus, we hold that the excessive fines clause does not apply to the restitution order.

B

O'Brian next contends that the interest on the restitution amount is an excessive fine.  We disagree.  "Because the legislature did not intend for interest to be a penalty and because interest accruing on restitution is paid to crime victims rather than to the government, interest on restitution awards is not punishment and not subject to an excessive fines clause analysis under the Eighth Amendment or art. I, § 14."  Ramos, 24 Wn. App. 2d at 228.

However, as was recently explained in Ellis, this issue has recently been addressed by a new statutory amendment, effective January 1, 2023, that permits the court to elect not to impose interest on a restitution order if the defendant is indigent, among other factors.  LAWS OF 2022, ch. 260, § 12; Ellis, slip op. at 11-12.  Although this amendment did not take effect until after O'Brian's sentencing, it applies to O'Brian's case because this matter is on direct appeal.  Ellis, slip op. at 12.  We therefore remand for the trial court to address whether to impose interest on the restitution amount based on the factors set forth in RCW 10.82.090(2).

C

O'Brian further contends that the $500 victim penalty assessment (VPA) was an excessive fine.  As noted in Ellis, this issue has also been resolved by a

---

[2] Ellis and Ramos disagreed regarding whether such an order was punitive.  Ellis, slip op. at 9; Ramos, 24 Wn. App. 2d at 226.  However, because the case law is clear that such orders are not excessive, we need not reach this issue.

new statutory amendment:

> In the 2023 session, the legislature passed Engrossed Substitute House Bill 1169. LAWS OF 2023, ch. 449. ESHB 1169 added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). The amended statute also requires trial courts to waive any VPA imposed prior to the effective date of the amendment if the offender is indigent, on the offender's motion. LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(5)(b). This amendment will take effect on July 1, 2023. LAWS OF 2023, ch. 449.

Ellis, slip op. at 12. Because the trial court found that O'Brian is indigent, the court must strike the victim penalty assessment on remand pursuant to RCW 7.68.035(4).

We affirm O'Brian's convictions.[3] We remand for the trial court to strike the victim penalty assessment and to consider whether to impose interest on the restitution order in light of the factors set forth in RCW 10.82.090(2).

Affirmed in part, reversed in part, and remanded.

Dugn, J.

---

[3] Prior to the date set for the panel to take up this case, O'Brian moved to withdraw review of his first assignment of error (which challenge his convictions). We grant that motion and, thus, do not discuss that matter further.

WE CONCUR: